U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 3 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PETER STEWART | CIVIL ACTION NO. 06-1632 |
| VERSUS | JUDGE TRIMBLE |
| RICHARD STALDER, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss [Doc. #10] filed by defendants Richard Stalder ("Stalder") and the Louisiana Department of Public Safety and Corrections ("DPSC") which seeks dismissal of all claims filed by plaintiff Peter Stewart ("Stewart") on the basis that plaintiff's complaint fails to state a claim upon which relief can be granted and is vague so as to prejudice defendants in their response and, additionally, that defendants are immune from suit under the Eleventh Amendment to the United States Constitution. For the reasons discussed herein, defendants' motion will be GRANTED in part and DENIED in part.

I.  **Background**

   A.  **Relevant Facts**

This suit arises from the aftermath of the great tragedy of Hurricane Rita. Plaintiff Stewart was a pre-trial detainee being housed at the Calcasieu Parish Prison ("CPP") on or about September 24, 2005, when Hurricane Rita made landfall in Louisiana. Stewart, along with many other detainees, was transferred to the Jena Correctional Facility ("Jena"). Stewart alleges in his Complaint [Doc. # 1] that, "beginning with [his] arrival at Jena," he was

subjected to excessive physical force and deprivation of essential medicines causing physical and emotional injury which was not undertaken for any purpose other than to inflict malicious harm and emotional distress. *Plaintiff's Complaint at ¶¶ 17-19.*

Williams filed suit against the following defendants on September 22, 2006: Richard Stalder, the Louisiana Department of Safety and Corrections, Warden Thompson, Major Rogers, Sergeant England or English, Officer Guillot, Officer Borrdlon, Officer White, Officer Lofton and John Does 1 - 15. *Plaintiff's Complaint* [Doc. #1] *at caption.* Plaintiff's suit alleges defendants' liability under 42 U.S.C. § 1983 for the violation of plaintiff's Eighth and Fourteenth Amendment rights, as well as liability under Louisiana state law for assault and battery, intentional infliction of emotional distress, and negligence.

B. **Applicable Standard**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief may be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Fernandez-Montez v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993); Brumberger v. Sallie Mae Servicing Corp., 2003 WL 1733548, *1 (E.D. La. March 28, 2003). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations..." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery...or contain allegations from which an inference fairly may be

drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

II.     Analysis of Law and Argument

   A.     **Is the naming of "John Doe" defendants to a federal suit permissible?**

Defendants urge this Court to dismiss plaintiff's claims and cite several reasons, as listed below, which they assert justify such a result. First, defendants note that plaintiff filed suit against a number of defendants, including "John Does 1-15." *Plaintiff's Complaint* [Doc. #1] *at caption.*

Defendants cite several cases for the proposition that the naming of defendants whose true identity is unknown is not allowed under the Federal Rules of Civil Procedure. Most notably, defendants cite Sigurdson v. Guercio, 241 F.2d 480 (9th Cir. 1956), in which the Court held that the federal rules provide "no authority" for complaints against fictitious defendants. Defendants failed to note that this case was overruled by the well-known case of Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), in which the United States Supreme Court expressed the idea that pleadings which identify defendants by fictitious designation are common when the true names of such defendants are not yet known and, in most cases, such names are learned only through the process of discovery. The impact of Bivens on the earlier decision of the 9th Circuit Court in Sigurdson was squarely noted in Spock v. U.S., 464 F.Supp. 510 (S.D. N.Y. 12/18/78).

We find that this rationale also applies equally to plaintiff's naming of defendant "Sergeant England or English" to this action. It is likely that the true identity of the individual in question will only be ascertained through the process of discovery.

Accordingly, we find that plaintiff's designation of defendants as "John Does 1-15"

and "Sergeant England or English" does not invalidate his Complaint and provides no basis for the dismissal of claims.

B. **Does plaintiff's Complaint adequately provide notice to defendants as to the date(s) of the harm(s) alleged?**

Defendants aver that they are prejudiced in their ability to defend against the claims advanced by plaintiff's failure to provide exact dates upon which the harms alleged occurred. Defendants cite Federal Rule of Civil Procedure 12(e) and, presumably, seek clarification of the exact dates on which plaintiff claims to have been subjected to excessive force as alleged in his Complaint. *Defendant's Motion to Dismiss* [Doc. #10] *at p. 15.*

Plaintiff responds by pointing out that the date of Hurricane Rita's Louisiana landfall is widely-known as September 24, 2005. Plaintiff alleges that the abuses described in his Complaint began at the time he arrived at Jena. *Plaintiff's Complaint* [Doc.#1] *at ¶17.* Plaintiff filed suit against defendants on September 22, 2006.

It is well established that notice pleading requirements apply to almost all causes of action in federal courts, including suits arising under 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); Ashe v. Corley, 992 F.2d 540 (5th Cir. 1993). In the recent case of Allgood v. City of Chicago, 2006 WL 2682302 (N.D. Ill. 9/18/06), the United States District Court for the Northern District of Illinois held that a plaintiff who had not provided exact dates or names of defendants in his Complaint was not subject to dismissal of his claims via 12(b)(6) motion because the information provided in the complaint still fulfilled the "liberal notice pleading requirements" of Federal Rule 8(a)(2). Citing the United States Supreme Court's decisions in both Conley v. Gibson, 355 U.S. 41 at 45, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957) and Swierkiewics v. Sorema, N.A., 534 U.S. 506 at 512-13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the district court concluded that, by providing some detail about the time frame of the alleged harm, plaintiff also provided the requisite notice intended by the federal rules.

We agree with the reasoning of the district court as expressed in Allgood and find that plaintiff's complaint adequately describes the time frame during which the alleged wrongful acts were committed, such that defendants are provided notice as required under applicable federal rules. As such, we find that the lack of exact dates in plaintiff's complaint does not create a sufficient basis for dismissal of claims.

We certainly note the objection of defendants concerning potential prejudice to their defense of prescription and expect that if defendants discover evidence that tends to prove that claims against them are, indeed, prescribed, defendants will make such evidence known to the Court by way of a Motion for Summary Judgment.

### C. Does plaintiff's Complaint sufficiently allege the existence of official policy which motivated constitutional harms?

Defendants allege that plaintiff's claims against them should be dismissed due to plaintiff's failure to state, with the required specificity, the official policies which motivated the unconstitutional harms set forth in the complaint. In support of their contention that a high level of specificity is required for claims arising under 42 U.S.C. 1983, defendants cite Piortrowski v. City of Houston, 237 F.3d 567 (5th Cir. 2001), in which the Fifth Circuit, relying on the United States Supreme Court's decision in Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), explained that plaintiffs seeking judgment under 42 U.S.C. § 1983 must prove three elements: "a policymaker; an official

policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Id. The Court did recognize, although ultimately finding that evidence offered at trial was insufficient as a basis for a final judgment of liability, that an official policy need not be written down or otherwise memorialized and, in fact, can be proven by widespread custom or practice so routine as to fairly represent official policy. Id at 579. Defendants assert that plaintiff's failure to identify the exact official policies which motivated the alleged harms committed results in this Court's inability to facially inspect such policies as to their constitutionality as required under Piotrowski. *Defendant's Motion to Dismiss* [Doc. # 10] *at pp. 9 - 10.* We must reconcile this jurisprudence with the already outlined general notice pleading requirements applicable to this cause of action under Federal Rule 8(a)(2).

Plaintiff's complaint alleges that he was "injured as a result of Louisiana's *de facto* custom and policy of allowing or encouraging wardens and guards to use excessive force against inmates at Jena, as well as by defendants' failure to take affirmative measures to ensure that inmates' constitutional rights were protected at Jena." *Plaintiff's Complaint* [Doc. #1] *at* ¶¶ *28, 31.* Further, plaintiff's complaint provides that "Secretary Stalder and DPSC were responsible for, *inter alia,* establishing and implementing policies related to the evacuation of prisoners to Jena, the appropriate staffing and operation of Jena to house evacuated prisoners, and ensuring that Jena was operated in a manner that did not violate inmates' constitutional rights." *Id at* ¶ *10.* Plaintiff's Complaint also sets forth allegations of serious bodily injury and emotional distress which, he alleges, resulted from the behavior described above. *Id at* ¶¶ *17, 18, 25, 29, 30, 33, 41, 44, 47, 49 and 52.*

Upon consideration of the nature of the allegations and the liberal notice pleading against which we must construe complaints such as this, we find that plaintiff has adequately

indicated a policy which motivated his alleged injuries as is required in this case. Plaintiff has specifically pled the existence of *de facto* official policies which, under the jurisprudence above, as well as Victoria v. Larpenter, 205 F.Supp.2d 580 (E.D. La. 2002), is allowable in a § 1983 claim. Accordingly, we find that the manner in which plaintiff has identified official policies in his complaint does not provide a basis for the dismissal of claims.

D. **Does plaintiff's Complaint seek redress under 42 U.S.C. § 1983 against defendants who are not "persons" within the meaning of that statute?**

Defendants claim that claims against Stalder and the DPSC should be dismissed because these defendants are not considered "persons" within the meaning of 42 U.S.C. 1983. This statute orders, in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law..."

A significant number of cases have been devoted to the determination of just who may be considered a "person" under § 1983. Before tracing the great length of this jurisprudence, we note that plaintiff evidences his intent to withdraw all pending claims against the DPSC, so we need not reach an analysis of whether or not such department of state government may be subjected to the statute in question. *Plaintiff's Memorandum in Opposition* [Doc. # 17] *at p. 2*. What remains, then is a determination as to whether or not defendant Richard Stalder is a "person" under § 1983.

Suits against a public official in his official capacity for monetary damages under 42 U.S.C. § 1983 are prohibited by the Eleventh Amendment to the United States Constitution. Suits against a public official in his individual capacity for monetary damages under 42 U.S.C. 1983 are, by contrast, not constitutionally prohibited. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 448 (1908); Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Plaintiff Stewart claims that he has named Richard Stalder in both his public and individual capacities. *Plaintiff's Memorandum in Opposition* [Doc. #17] *at p. 8-9*. Having reviewed plaintiff's Complaint at great length, this Court finds no evidence that plaintiff has, indeed, joined defendant Stalder in his individual capacity. Inspection of the Complaint reveals that plaintiff specifically indicates, as to each defendant except Stalder and DPSC, that each defendant was being sued in both his individual and official capacity. *Plaintiff's Complaint* [Doc. #1] *at ¶¶ 5 - 10*. Paragraph # 3, concerning Stalder only makes reference to this particular defendant in "his capacity as Secretary of DPSC " and, unlike paragraphs concerning other defendants, does not include a final sentence indicating the capacity in which he is being sued. *Plaintiff's Complaint* [Doc. #1] *at ¶ 3*.

Plaintiff has had an ample opportunity to file for leave to amend his Complaint since being served with defendants' Motion to Dismiss on December 13, 2006. Plaintiff's decision not to act to amend his Complaint and, instead, to merely assert that his pleading is adequate and that his intention is to sue Stalder in both his official and individual capacity leads us to the conclusion that we must dismiss the claims against Stalder in his individual capacity, as such claims have not been pled. Plaintiff, having been apprized of the potential insufficiency of his Complaint at receipt of defendants' motion, should have moved this Court to amend his

Complaint and to correct what we now deem to be a patent insufficiency therein. Having chosen not to amend and, as above, simply state that the pleading in question is sufficient, plaintiff is not entitled to additional opportunities to state claims. While this Court generally allows a great latitude to *pro se* plaintiffs in cases such as this, plaintiff in the instant matter has, from the start, been represented by counsel. As such, we find no reasonable justification for allowing an amendment at this time. Jacquez v. Procunier, 801 F.2d 789, 793-3 (5th Cir. 1986); Babb v. Dorman, 33 F.3d 472 (5th Cir. 1994); Spiller v. City of Texas City Police Department, 130 F.3d 162 (5th Cir. 1997). As a result, we will dismiss all claims against defendant Stalder which seek to be asserted against him in his individual capacity.

Moving, now, to claims against Stalder in his official capacity, we must agree with plaintiff that, in so far as these claim seek injunctive relief, the outlay of state funds for prospective injunctive relief and the payment of reasonable attorney fees, such claims are not prohibited by the Eleventh Amendment. We note the agreement of both parties, which is in accord with applicable jurisprudence, that suits for monetary damages cannot be maintained against defendants in their official capacities. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 105 L.Ed.Ed 45 (1989). Any such claims now pending will be dismissed.

The United States Supreme Court, in Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 448 (1908), expressed the view that suits against public officials for injunctive relief constitute a narrow exception to the Eleventh Amendment. In Edelman v. Jordan, 415 U.S. 651, 653, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the Court spoke again on suits against public officials, holding that the outlay of public funds to effect prospective injunctive relief is "an inevitable consequence of the principle announced in Ex Parte Young." In 1976, Congress passed the Civil Rights Attorney's Fees Awards Act and, in the same year, the Court addressed monetary

awards to individuals in suits against state government in the case of Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed. 614 (1976). Taken together, the Act and the Court's holding in Fitzpatrick signify an acceptance of awards of reasonable attorney fees in suits such as the one presently before this Court. Gates v. Collier, 559 F.2d. 241 (C.A. Miss., 1977).

Therefore, all non-monetary damage claims asserted against defendant Stalder in his official capacity will be maintained insofar as they do not seek remedies precluded by the Eleventh Amendment. All claims against Stalder in his individual capacity shall be dismissed, as such claims have not been pled.

E. **Do defendants enjoy qualified immunity to the claims asserted by plaintiff in this suit?**

While this Court is aware of its duty to ascertain, as soon as is practicable during this litigation, whether or not defendants are protected from plaintiff's suit by qualified immunity, we cannot, based on the mere assertion of such defense, properly determine such defense's applicability. We note jurisprudence which states that plaintiffs, in order to survive a motion for summary judgment where the defense of qualified immunity is asserted must allege facts which, if proven, would defeat the defense at trial. Elliot v. Perez, 751 F.2d 1472, 1482 (5th Cir. 1985). In this case, we must agree with plaintiff that defendants provide literally no information concerning the application of the qualified immunity defense to the conduct at issue to which plaintiff could have responded. *Plaintiff's Memorandum in Opposition* [Doc. # 17] *at pp. 9 - 10.* Plaintiff has clearly alleged the violation of his constitutional right to be free from excessive force under the Eighth and Fourteenth Amendments and, further, has alleged that defendants undertook malicious and harmful behavior (including the withholding of essential medicine – *see Complaint* [Doc. # 1] *at ¶ 18, 28 and 31*) which we must determine

to be objectively reasonable or unreasonable. This Court's intent is not to subject defendants to the discovery process before determining the applicability of their immunity defense, but, without more detailed pleading, we simply cannot dismiss pending claims.

Defendants may wish to provide the Court with additional information in the pursuit of their immunity defense at some future time, by Motion for Summary Judgment or otherwise.

## III. Conclusion

Defendants filed the instant Motion to Dismiss, asserting that several insufficiencies provide bases for the dismissal of plaintiff's claims. After consideration of the law and argument advanced by the parties, we find that plaintiff's naming of the John Doe defendants is permissible and that he has provided sufficient notice of the dates applicable to the behavior alleged. Additionally, this Court finds that plaintiff has adequately stated the official policies which motivated the constitutional harms alleged. We find no grounds upon which the claims asserted against defendant Stalder in his official capacity may be dismissed, but find that plaintiff failed, in his Complaint, to sue Stalder in his individual capacity and, since the filing of defendants' motion, to amend his Complaint to properly assert claims against this defendant individually. As such, we will dismiss all claims against Stalder in his individual capacity and allow plaintiff to proceed only with claims against Stalder in his official capacity. As agreed by the parties, we will dismiss all claims for monetary damages against Stalder in his official capacity. Finally, this Court has not been provided with sufficient facts upon which to base a proper analysis of the application of defendants' defense of qualified immunity. Therefore, we will not dismiss pending claims on this basis, but will certainly address this defense in the future if the parties file additional briefs on this issue.

Alexandria, Louisiana
January 31, 2007

                                              /s/ James T. Trimble, Jr.
                                              JAMES T. TRIMBLE, JR.
                                              U.S. DISTRICT JUDGE